JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
SUSAN J. ALLISON (Bar No. 133448)
sallison@jmbm.com
JESSICA C. BROMALL (Bar No. 235017)
jbromall@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff
EVAN D. TOWNSLEY

FILED
10 MAR 26 AM 10: 34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HYDRO INTERNATIONAL LLC, a California limited liability company; JASON COHEN, an individual; HOLLYWOOD HYDROPONICS aka HOLLYWOOD HYDROPONICS AND ORGANICS aka SOW CAL HYDRO, aka SOW CAL HYDROPONICS, an unknown business entity; ELOISE SHAIN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 10-02212-AHM<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br>2. **FEDERAL FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br>3. **STATE TRADEMARK DILUTION, CAL. BUS. & PROF. CODE § 14330;**<br>4. **UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE § 17200; and**<br>5. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Evan D. Townsley. for his Complaint, alleges as follows:

## Jurisdiction

1. This action arises under the Federal Trademark Act (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq.*, and related California statutory and common law. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. §§ 1119 and 1121. The Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

## The Parties

2. Plaintiff Evan D. Townsley ("Townsley") is an individual residing in Culver City, California.

3. Plaintiff is informed and believes, and on that basis alleges, that Hydro International LLC ("Hydro International") is a limited liability company, with a principal place of business located at 7751 Alabama Avenue, Canoga Park, California 91304. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Hydro International was, and is, doing business in this judicial district.

4. Plaintiff is informed and believes, and on that basis alleges, that Jason Cohen ("Cohen") is an individual, who on information and belief resides and/or has a place of business at 7751 Alabama Avenue, Canoga Park, California 91304. Plaintiff is further informed and believes that Cohen owns Hydro International, and directs, controls and participates in the infringing conduct of Hydro International as alleged below.

5. Plaintiff is informed and believes, and on that basis alleges, that Hollywood Hydroponics aka Hollywood Hydroponics and Organics aka Sow Cal Hydro, aka Sow Cal Hydroponics ("Hollywood Hydroponics"), an unknown business

entity, has places of business located at 5109 1/2 Hollywood Boulevard, Hollywood, California 90027 and 7914 Santa Monica Boulevard, West Hollywood, California 90046. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Hollywood Hydroponics was, and is, doing business in this judicial district.

6. Plaintiff is informed and believes, and on that basis alleges, that Eloise Shain ("Shain"), an individual, has business addresses of 5109 1/2 Hollywood Boulevard, Hollywood, California 90027 and 7914 Santa Monica Boulevard, West Hollywood, California 90046. Plaintiff is further informed and believes that Shain owns defendant Hollywood Hydroponics, and directs, controls and participates in the infringing conduct of Hydro International as alleged below.

7. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious name. Plaintiff will seek leave of Court to amend this Complaint when the identities of these defendants are ascertained. Hydro International, Hollywood Hydroponics, Cohen, Shain and Does 1-10 are referred to hereinafter collectively as "Defendants."

8. Plaintiff is informed and believes, and on that basis alleges, that each defendant conspired and acted in concert with each other to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

PRINTED ON RECYCLED PAPER

6873951v1

## Facts Common To All Claims For Relief

9. Plaintiff is the owner of the retail store Hydroasis in Culver City, California which has been in business since 1995. Plaintiff, through his store Hydroasis, is in the business of designing, manufacturing, marketing, distributing and selling specialty products for the hydroponics industry, throughout the United States and in many other countries. Plaintiff markets and sells a variety of products, *inter alia*, fertilizers, plant food, plant nutrients, plumbing fittings for plant growing systems, and charcoal carbon air filtration systems used in greenhouse and hobby greenhouse applications, in connection with the PHAT brand.

10. Townsley began using the PHAT trademark at least as early as 1998 and, since that time, the PHAT mark has been used in connection with the marketing, sale and distribution of Townsley's aforementioned product line. Since its introduction, the PHAT brand has become a successful line and wholesalers, retailers and consumers in the hydroponics industry recognize the PHAT brand as coming from a single source.

11. Because of his use of the PHAT brand, Townsley owns exclusive common law rights to the mark PHAT in the hydroponics industry.

12. Townsley applied for and, in 2001, obtained federal trademark Registration No. 2,504,911 for the PHAT HYDRO® mark in International Class 021.

13. Townsley applied for and, in 2005, obtained federal trademark Registration No. 2,995,349 for the PHAT HYDRO® mark in International Class 001.

14. Townsley applied for and, in 2007, obtained federal trademark Registration No. 3,308,222 for the PHAT HYDRO® mark in International Class 011.

15. Townsley also owns a pending federal trademark application for the PHAT mark. Townsley's common law rights to the PHAT mark, and Trademark Registration Nos. 2,504,911, 2,995,349 and 3,308,222, are referred to hereinafter collectively as the "PHAT Marks."

16. Through control of product design and the use of high-quality materials and exacting manufacturing standards, Plaintiff has created products that the market trusts to be of the highest quality and standards. Plaintiff has expended considerable time, effort and financial resources to popularize the products sold under the PHAT Marks. Through Plaintiff's successful marketing and sales of products under the PHAT Marks, the marks have become well known and associated with Plaintiff, and are recognized as a distinctive indicator of the origin of high-quality goods. Under the PHAT brand, Plaintiff has carved a solid niche in today's hydroponics market.

17. In disregard of Plaintiff's exclusive rights in the PHAT Marks, Defendants are unlawfully exploiting Plaintiff's efforts by marketing, advertising, selling, offering to sell, importing and/or distributing products bearing the confusingly similar mark "Bloom Phat." The products include a fertilizer for use in hydroponic gardening.

18. Plaintiff is informed and believes, and on that basis alleges, that Defendants, by such conduct, are willfully and intentionally misappropriating Plaintiff's rights with the intent to profit therefrom.

19. The association of Plaintiff with the products sold under Defendants' Phat mark poses an immediate and serious threat to Plaintiff's business reputation and the goodwill built up in the PHAT Marks.

20. Accordingly, Plaintiff brings this action to enforce his rights and to stop the manufacture, distribution and sale of these infringing goods.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

21. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-20 of this Complaint.

22. Plaintiff's PHAT Mark is inherently distinctive and/or has acquired secondary meaning as to the source of all goods advertised, marketed, sold, or used in connection with the PHAT Mark.

23. Townsley has not authorized, licensed or given permission to Defendants to use the PHAT Mark in any manner whatsoever including, without limitation, on the infringing products being marketed, advertised, sold, imported or distributed by Defendants using the mark "Bloom Phat."

24. Defendants' use of an infringing version of the PHAT Marks in connection with Defendants' products sold under the "Bloom Phat" mark is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

25. Townsley lacks an adequate remedy at law.

26. Unless an injunction is issued enjoining any continuing or future infringing use of the PHAT Marks by Defendants including the "Bloom Phat" mark, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Townsley.

27. As a direct and proximate cause of Defendants' infringing conduct, Townsley has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Townsley is entitled to an order enjoining Defendants from using the PHAT Marks, or any mark confusingly similar thereto, including, without limitation, the mark "Bloom Phat" in connection with hydroponics, garden and greenhouse products. Pursuant to 15 U.S.C. § 1117(a), Townsley is entitled to an order requiring Defendants to account to Townsley for any and all profits derived by Defendants from their actions, and to an order awarding all damages sustained by Townsley by reason of the infringement caused by Defendants.

28. Townsley is informed and believes, and on that basis alleges, that Defendants' conduct alleged herein was intentional and in conscious disregard of Townsley's rights. Pursuant to 15 U.S.C. § 1117(a), Townsley is entitled to an award of treble damages and/or enhanced profits against Defendants.

PRINTED ON RECYCLED PAPER

6873951v1

29. Defendants' acts make this an exceptional case under 15 U.S.C. §1117(a), and Townsley is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Federal False Designation Of Origin, 15 U.S.C. § 1125(a))

30. Plaintiff re-alleges and incorporate herein by reference paragraphs 1-29 of this Complaint.

31. By virtue of the widespread and longstanding distribution of goods under the PHAT Marks, the PHAT Marks have come to identify the source of such goods and to distinguish those goods from those of others. By virtue of the quality of the products distributed under the PHAT Marks, the marks have come to identify the source of such goods as a supplier of high quality hydroponics, garden and greenhouse products and has also established enormous goodwill in the mark.

32. Defendants' promotion, marketing and advertising of its fertilizers under the mark "Bloom Phat," is a false designation of origin and false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendants' products by Plaintiff or, conversely, Plaintiff's products by Defendants.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendants intended to, and did, confuse and mislead the public, and did represent and create the false impression that Plaintiff authorized, originated, sponsored, approved, licensed or participated in Defendants' use of a mark confusingly similar to the PHAT Marks in connection with Defendants' products.

34. In fact, there is no connection or association or licensing relationship between Plaintiff, on the one hand, and Defendants, on the other hand. Plaintiff has not authorized, licensed or given permission to Defendants to use the PHAT Marks,

or any mark similar thereto, in any manner whatsoever, including, without limitation, Defendants' use of the mark "Bloom Phat" in connection with fertilizers.

35. Thus, Defendants have created and will continue to create a false impression concerning an association between Plaintiff and Defendants, a false designation of the origin of Defendants' goods, and confusion as to a connection between the respective parties.

36. As a direct and proximate result of Defendants' creation of a false impression of association between Plaintiff and Defendants, and Defendants' use of a false designation of origin and false or misleading representation of fact in connection with Defendants' goods, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendants from using the PHAT Marks, or any mark confusingly similar thereto, including, without limitation, the mark "Bloom Phat," in connection with marketing, advertising, selling or distributing hydroponics, garden and greenhouse products including, but not limited to, fertilizers. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendants to account to Plaintiff for any and all profits derived by Defendants from their actions, and to an order awarding all damages sustained by Plaintiff and caused by Defendants' conduct.

37. Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct alleged herein was intentional and in conscious disregard of Plaintiff's rights. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendants.

38. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Reputation, California Bus. & Prof. Code § 14330)

39. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-38 of this Complaint.

40. The PHAT Marks constitute valid trademarks under state law, are distinctive and have acquired secondary meaning.

41. Defendants' use of the PHAT Marks is causing a likelihood of dilution of the marks because the marks are deprived of their exclusive capacity to identify and distinguish the source of goods distributed thereunder.

42. Defendants' actions constitute injury to business reputation and/or dilution within the meaning of California Business and Professions Code § 14330.

43. Pursuant to California Business and Professions Code § 14330, Plaintiff is entitled to an injunction prohibiting Defendants from continuing their infringing use of any mark dilutive of the PHAT Marks.

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices, Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)

44. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-43 of this Complaint.

45. Defendants' acts constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

46. Plaintiff has been damaged and will continue to be damaged by Defendants' unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

47. Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices alleged herein, and Plaintiff is entitled to restitution of all amounts acquired by Defendants by means of such wrongful acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

48. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-47 of this Complaint.

49. Defendants' acts constitute common law trademark infringement and unfair competition under state law.

50. Plaintiff has been damaged and will continue to be damaged by Defendants' infringing activities.

51. Plaintiff is entitled to an injunction prohibiting Defendants from continuing the wrongful practices described herein.

52. Plaintiff is also entitled to profits and damages arising from Defendants' wrongful use of a mark confusingly similar to the PHAT Marks.

53. Plaintiff is informed and believes, on that basis alleges, that Defendants' conduct was willful, wanton, malicious and in conscious disregard of Plaintiff's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

### Prayer For Relief

WHEREFORE, Plaintiff Evan D. Townsley prays for relief against Defendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendants, and all their officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

PRINTED ON
RECYCLED PAPER

6873951v1

1. infringing Plaintiff Townsley's trademark rights in any way including, without limitation, Townsley's rights, common law or otherwise, in the PHAT Marks;

2. using any false or misleading designation of origin, or false or misleading description or statement, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by Defendants is in any manner associated or connected with Plaintiff, or is sponsored, approved or authorized by Plaintiff;

3. diluting in any way the distinctive quality of the PHAT Marks;

4. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff's product line or the PHAT Marks; and

5. using the mark "Bloom Phat" in connection with hydroponic, garden and/or greenhouse products including, but not limited to, fertilizers.

B. Ordering Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

C. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff Townsley's trademark rights, in violation of 15 U.S.C. § 1114.

D. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's rights, and engaged in acts of false designation of origin, in violation of 15 U.S.C. § 1125(a).

E. For an order that, by the acts complained of herein, Defendants have diluted the distinctive quality of the PHAT Marks, in violation of Cal. Bus. and Prof. Code § 14330.

F. For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's common law trademark rights and/or engaged in acts of common law unfair competition against Plaintiff.

H. For an order awarding Plaintiff general and/or specific damages in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from Defendants' acts of trademark infringement, false designation of origin, and unfair business practices; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

I. For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein;

J. For an order awarding Plaintiff his costs and attorneys' fees incurred in prosecuting this action.

K. For an order awarding Plaintiff pre-judgment interest.

L. For an order awarding such other relief as the Court deems just and proper.

DATED: March 25, 2010

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN J. ALLISON
JESSICA C. BROMALL

By: _____
ROD S. BERMAN
Attorneys for Plaintiff EVAN D. TOWNSLEY

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

DATED: March 25, 2010

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN
SUSAN J. ALLISON
JESSICA C. BROMALL

By: _____
ROD S. BERMAN
Attorneys for Plaintiff EVAN D. TOWNSLEY

6873951v1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV10- 2212 AHM (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar # 105^( )), rxb@jmbm.com
SUSAN J. ALLISON (Bar # 133448), sja@jmbm.com
JESSICA C. BROMALL (Bar #235017), jzb@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Tel: (310) 203-8080; Fax: (310) 203-0567

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual,<br>PLAINTIFF(S)<br>V.<br>HYDRO INTERNATIONAL LLC, a California limited liability company; JASON COHEN, an individual; HOLLYWOOD HYDROPONICS aka HOLLYWOOD HYDROPONICS AND ORGANICS aka SOW CAL HYDRO, aka SOW CAL HYDROPONICS, an unknown business entity; ELOISE SHAIN, an individual; and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-02212-AHM(RZx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Rod S. Berman, Esq.</u>, whose address is <u>Jeffer, Mangels, Butler & Marmaro LLP 900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067-4308</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: **26 MAR 2010**

Clerk, U.S. District Court

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)          SUMMONS          American LegalNet, Inc.<br>www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EVAN D. TOWNSLEY, an individual

**DEFENDANTS** HYDRO INTERNATIONAL LLC, a California limited liability company; JASON COHEN, an individual; HOLLYWOOD HYDROPONICS aka HOLLYWOOD HYDROPONICS AND ORGANICS aka SOW CAL HYDRO, aka SOW CAL HYDROPONICS, an unknown business entity; ELOISE SHAIN, an individual; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar # 105444), rxb@jmbm.com
SUSAN J. ALLISON (Bar # 133448), sja@jmbm.com
JESSICA C. BROMALL (Bar #235017), jzb@jmbm.com
1900 Ave. of the Stars, 7th Floor, Los Angeles, CA 90067
Tel: (310) 203-8080; Fax: (310) 203-0567

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement, 15 U.S.C. § 1114; Federal False Designation Of Origin, 15 U.S.C. § 1125(a); State Trademark Dilution Cal. Bus. & Prof. Code § 14330; Unfair Business Practices, Cal. Bus. & Prof. Code § 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2
American LegalNet, Inc.
www.FormsWorkflow.com

CV 10-02212

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California - Evan D. Townsley | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California - Hydro International LLC<br>Los Angeles County, California - Jason Cohen<br>Los Angeles County, California - Hollywood Hydroponics aka Hollywood Hydroponics and Organics aka Sow Cal Hydro, aka Sow Cal Hydroponics<br>Los Angeles County, California - Eloise Shain | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X SIGNATURE OF ATTORNEY (OR PRO PER): Date March 2010
ROD S. BERMAN, ESQ. of Jeffer, Mangels, Butler & Marmaro LLP

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |