# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV2010-02212-AHM (RZx)<br>CV2010-03870-AHM (RZx)<br>CV 2010-04408-AHM(RZx)* | Date | August 4, 2010 |
|---|---|---|---|
| Title | EVAN D. TOWNSLEY v. HYDRO INTERNATIONAL LLC et al. consolidated with EVAN D. TOWNSLEY v. AGRICULTURAL ORGANICS, PTY. LTD., et al. consolidated with EVAN D. TOWNSLEY v. AMERINADA DISTRIBUTORS LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

On August 2, 2010 the Court granted defendants' motion to consolidate order in CV10-2212-AHM (RZx): *Evan D. Townsley v. Hydro International LLC, et al.*  A copy is attached hereto.

All subsequent filings in any of these cases must be filed under the low number action, CV10-2212-AHM (RZx): *Evan D. Townsley v. Hydro International LLC, et al.* and the new consolidated caption shall include all case numbers and abbreviated captions.

|  | : |
|---|---|
| Initials of Preparer | SMO |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2212 AHM (RZx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | EVAN D. TOWNSLEY v. HYDRO INTERNATIONAL LLC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION AND FACTUAL BACKGROUND

On March 26, 2010, Plaintiff Evan D. Townsley filed his complaint in this Court against Hydro International LLC; Jason Cohen; Hollywood Hydroponics; and Eloise Shain (collectively, "Hydro Defendants"), alleging (1) federal trademark infringement, pursuant to 15 U.S.C. § 1114; (2) federal false designation, pursuant to 15 U.S.C. § 1125(a); (3) state trademark dilution, pursuant to Cal. Bus & Prof. Code § 14300; (4) unfair business practices, pursuant to Cal. Bus & Prof. Code § 17200; and (5) common law trademark infringement and unfair competition.  All claims arise out of the Defendants' use of a mark ("Bloom Phat") that is allegedly similar to Plaintiff's registered trademark[1] ("Phat Hydro").  Hydro Compl. ¶ 17.  Defendants sold and distributed "Bloom Phat" products in the hydroponic agriculture industry.  *Id.*  Plaintiff is the owner of a retail store that also sells products to the hydroponic industry.  Hydro Compl. ¶ 9.

On May 21, 2010, Plaintiff filed a separate complaint against Agricultural Organics, Pty. Ltd.; Geoff Stamoulis; Ahrony Erez; Eli Cohen; and Hydro International (collectively, "Agricultural Defendants").[2]  This complaint arises out of the same facts and states the same causes of action as the complaint against the Hydro Defendants except that the state trademark dilution cause of action is omitted.  Perkowski Decl., Ex.

---

[1] Plaintiff obtained several registered trademarks for "Phat Hydro," which have registration numbers 2,504,911; 2,995,349; and 3,308,222.  Hydro Compl. ¶¶ 12-14.

[2] *Townsley v. Agricultural Organics Pty. Ltd.*, Case No. CV10-3870 AHM (RZx).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2212 AHM (RZx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | EVAN D. TOWNSLEY v. HYDRO INTERNATIONAL LLC | | |

D (Complaint filed against Agricultural Defendants).

On June 15, 2010, Plaintiff filed yet another complaint against Amerinada Distributors LLC; Constantly Growing, LLC; Midwest Organic and Hydroponic Gardening Supplies; and Green Door Hydro and Solar Electric, Inc. (collectively, "Amerinada Defendants"),[3] alleging the same facts and stating the same causes of actions as against the Agricultural Defendants. Perkowski Decl., Ex. E (Complaint filed against Amerinada Defendants).

On July 2, 2010, the Hydro Defendants filed a motion for partial judgment on the pleadings[4] as to the third cause of action alleging state trademark dilution, pursuant to Cal. Bus & Prof. Code § 14300[5] as well as a motion to consolidate[6] this case with the other two cases Plaintiff filed against different defendants.

## II. MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Hydro Defendants' motion for partial judgment on the pleadings is granted. Defendants argue that Plaintiff is basing this cause of action on a statute that was replaced nearly three years ago, and that Plaintiff has not made and is unable to make allegations that are sufficient under the analogous current dilution statute, pursuant to Cal. Bus & Prof. Code § 14247. MJOP at 1. Because "Plaintiff does not oppose the dismissal of his Third Cause of Action for State Trademark Dilution," the motion should be granted. *See* Not. Non-Opp'n at 1.

## III. MOTION FOR CONSOLIDATION

Fed. R. Civ. Pro. 42(a) provides a mechanism for the Court to consolidate "actions

---

[3] *Townsley v. Amerinada Distribs. LLC*, Case No. CV10-4408 AHM (RZx).

[4] Dkt. No. 20.

[5] This is the cause of action that is omitted in the two subsequently filed complaints.

[6] Dkt. No. 21.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2212 AHM (RZx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | EVAN D. TOWNSLEY v. HYDRO INTERNATIONAL LLC | | |

. . . involv[ing] a common question of law or fact." A district court has "broad discretion to order consolidation of actions presenting a common issue of law or fact," and should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Unless the party opposing consolidation demonstrates prejudice that would result from consolidation, such a motion under Rule 42(a) will usually be granted. *Seguro Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989).

Defendants argue that the cases should be consolidated because the complaints in all three cases are extremely similar factually and legally. The Court agrees. The Statement of Facts in all three complaints is virtually identical, as are the four remaining causes of action. Therefore, as required by Rule 42(a), all three complaints have common questions of fact and common questions of law.

Plaintiff argues that the motion should be denied because the Amerinada Defendants do not have the same attorney as the other defendants. Opp'n at 1. However, this is not a requirement under Rule 42(a). Moreover, at today's hearing, Plaintiff's counsel informed the Court that Amerinada Distributors LLC has settled, and that the remaining Amerinada Defendants are represented by the same attorneys as the other defendants.[7]

Plaintiff further argues that "the sheer number of defendants in the proposed consolidated action" as well as "the requirement that the jury evaluate different defendants' conduct by different standards of liability" would result in inevitable jury confusion. Opp'n at 4. However, juries are commonly required to evaluate alternative arguments and examine different theories of liability. The large number of defendants and the potential varying levels of liability therefore do not constitute a showing of

---

[7] In addition, Plaintiff argues that the motion should be denied because Defendants violated the meet and confer provisions of Local Rule 7-3. Opp'n at 1. However, Defendants informed Plaintiff of their intent to file a motion for partial judgment on the pleadings and a motion to consolidate more than a week before the actual filing, and Plaintiff did not respond until after the filing occurred. *See* Bromall Decl., Ex. B (e-mail exchange).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2212 AHM (RZx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | EVAN D. TOWNSLEY v. HYDRO INTERNATIONAL LLC | | |

prejudice. The Court can and will apply available measures to assure that all the claims and defenses will be presented and adjudicated on their separate respective merits. In addition, if Plaintiff establishes a need to take more than ten depositions, he will be allowed to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for partial judgment of the pleadings[8] is GRANTED. Defendants' motion for consolidation[9] is also GRANTED.

:

Initials of Preparer    SMO

---

[8] Dkt. No. 20.

[9] Dkt. No. 21.