JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444), *rberman@jmbm.com*
SUSAN ALLISON (Bar No. 133448), *sallison@jmbm.com*
JESSICA C. BROMALL (Bar No. 235017), *jbromall@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff EVAN D. TOWNSLEY

WINSTON & STRAWN LLP
PETER E. PERKOWSKI (Bar No. 199491), *pperkowski@winston.com*
NICOLE HERFT (Bar No. 259831), *nherft@winston.com*
333 South Grand Avenue
Los Angeles, California 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

FRANCIS LAW GROUP
RALPH C. FRANCIS (Bar No. 124236), *rcf@francislaw.com*
1942 Embarcadero
Oakland, California 94606-5213
Telephone:   (510) 533-1100
Facsimile:    (510) 533-1106

Attorneys for Defendants HYDRO INTERNATIONAL
LLC, JASON COHEN, HOLLYWOOD
HYDROPONICS, and ELOISE SHANE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual, | CASE NO.   CV10-2212 AHM (RZx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| HYDRO INTERNATIONAL LLC, a California limited liability company; JASON COHEN, an individual; HOLLYWOOD HYDROPONICS aka HOLLYWOOD HYDROPONICS AND ORGANICS aka SOW CAL HYDRO, aka SOW CAL HYDROPONICS, an unknown business entity; ELOISE SHAIN, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD

3   CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject

4   to this Order -- including without limitation the parties to this action, their

5   representatives, agents, experts and consultants, all third parties providing discovery

6   in this action, and all other interested persons with actual or constructive notice of

7   this Order -- shall adhere to the following terms:

8          1.   Proceedings and Information Governed.  This Order shall govern any

9   document, information or other thing furnished by any party, including third parties,

10  to any other party in connection with the discovery and pre-trial phases of this action.

11  The information protected includes, but is not limited to, responses to requests to

12  produce documents or other things, documents or things produced in connection with

13  the lawsuit, responses to interrogatories, responses to requests for admissions,

14  deposition testimony and exhibits, and all copies, extracts, summaries, compilations,

15  designations and portions thereof (collectively "Information").  This Order does not

16  govern proceedings during trial **or in connection with dispositive**

17  **motions** nor does it prohibit either party from seeking a Protective Order to govern

18  proceedings during trial.

19         2.   Description of Information Protected by this Order.  The following

20  section provides a specific description of the types of Information to be protected.

21              A.   Confidential Financial Information.

22                   1.   Information included. Information, maintained by the

23  producing party in confidence, and relating to: amounts spent on research,

24  development, marketing, promotion, and advertising; costs, sales, and revenues;

25  profits and losses; employee salary and bonus information and other information

26  protected by employees' or third parties' rights of privacy.

27                   2.   Good Cause Statement: Good cause exists for protecting the

28  Confidential Financial Information described above.  The information described has

JMBM | Jeffer Mangels
            Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

7072178v1

- 1 -

1   been maintained in confidence by the producing party and its disclosure would result

2   in prejudice or harm to that party.

3                   **B.**   Confidential Research and Development Information.

4                       **1.**   Information Included. Information, maintained by the

5   producing party in confidence, and relating to: conception, research, and development

6   of brands, products, goods and/or services.

7                       **2.**   Good Cause Statement:  Good cause exists for protecting

8   the Confidential Research and Development Information described above.  The

9   information described above has been maintained in confidence by the producing

10   party and its disclosure would result in prejudice or harm to that party.

11                   **C.**   Confidential Commercial and/or Trade Secret Information.

12                       **1.**   Information Included. Trade secrets, as defined by Cal.

13   Civil Code § 3426.1, and other information maintained by the producing party in

14   confidence, and relating to: vendors; vendor lists; customer lists; customers,

15   licensors, or other third parties with whom the producing party has contracted in

16   connection with its trademarks, products, goods and/or services; the manufacture,

17   acquisition, and/or distribution of the producing party's products, goods and/or

18   services; advertising, marketing, and/or promotional plans associated with the

19   producing party's trademarks, products, goods and/or services.

20                       **2.**   Good Cause Statement:  Good cause exists for protecting

21   the Confidential Commercial and/or Trade Secret Information described above.  The

22   information described above has been maintained in confidence by the producing

23   party and its disclosure would result in prejudice or harm to that party.

24          **3.**   Designation of Information for Protection Under This Order.  Any such

25   Information produced in this action that is reasonably believed by the producing party

26   to be non-public, proprietary or confidential may be designated as "Confidential" or

27   "Confidential - Attorneys' Eyes Only."  The appropriate designation may be made by

28   stamping or otherwise marking the Information prior to production as follows:

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1   "Confidential" or "Confidential - Attorneys' Eyes Only."  In the case of written

2   material, documents or tangible items, the appropriate designation shall be made at

3   the time the producing party makes the Information available for inspection or

4   provides a copy of the Information to the receiving party.  In the case of deposition

5   testimony, a party seeking to invoke the protection of this Order shall give notice

6   thereof at the deposition or within fifteen (15) days after receipt of the deposition

7   transcript.  Deposition testimony shall be treated as "Confidential - Attorneys'

8   Only" until expiration of the fifteen (15) day notice period.  In the event such notice

9   is given, the appropriate provisions of paragraphs 13 and 14 below shall apply.

10          In the event that Information is provided under this Order, whether in written,

11  oral or other form, without any designation of confidentiality, such Information may

12  be designated "Confidential" or "Confidential - Attorneys' Eyes Only" at a later time,

13  and shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" by all

14  parties hereto as though such Information had been designated "Confidential" or

15  "Confidential - Attorneys' Eyes Only" when originally provided, except to the extent

16  that such Information has already been disclosed to persons not subject to this Order.

17  In the event that the Information referred to immediately above is disclosed to

18  persons not subject to this Order, the party that made such disclosure shall identify

19  such recipients to the other party in this action, unless such disclosure is subject to the

20  attorney work product privilege.

21          4.    Disclosure of Confidential Information.  As a general guideline,

22  Information marked "Confidential," as distinguished from "Confidential - Attorneys'

23  Eyes Only," shall include Information that may be disclosed by the parties for the

24  purposes of the litigation, but which must be protected against disclosure to third

25  parties.  Once designated as "Confidential," such designated Information shall, absent

26  a specific order by this Court, be used by the parties solely in connection with this

27  litigation, and not for any business, competitive, or governmental purpose or

28  function, and such Information shall not be disclosed to anyone except as provided

PRINTED ON
RECYCLED PAPER

7072178v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

herein.  Information marked "Confidential," as distinguished from "Confidential - Attorneys' Eyes Only," may be disclosed by the receiving party to the following recipients only:

(a)  The outside litigation attorneys of record in this action, and any outside attorneys retained by the parties in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

(b)  Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them;

(c)  The officers, directors and employees of a party;

(d)  The Court and its respective clerks and support personnel;

(e)  Court reporters employed in connection with this action;

(f)  The persons permitted under paragraph 12 below; and

(g)  Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5.  <u>Confidential - Attorneys' Eyes Only Information</u>.  As a further general guideline, Information designated as "Confidential - Attorneys' Eyes Only" shall be Information of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or non-party holding the proprietary rights thereto, and that must be protected from disclosure.  Once designated as "Confidential - Attorneys' Eyes Only," such designated Information shall, absent a specific order by this Court, be used by the parties solely in connection with this litigation, and not for any business or governmental purpose or function, and such Information shall not be disclosed to anyone except as provided herein.  All Information designated "Confidential - Attorneys' Eyes Only" is included within the

JMBM | Jeffer Mangels
Butler & Marmaro LLP

meaning of "Confidential" Information as used in this Order, and all the provisions set forth in the Order that apply to "Confidential" Information also apply to material designated "Confidential - Attorneys' Eyes Only."  However, Information designated "Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in subparagraph 4(c) of this Order, except as provided in paragraph 12 (*i.e.*, the authors or addressees of the document).  In-house counsel and staff are specifically excluded from access to Information designated "Confidential - Attorneys' Eyes Only."

6.   <u>Reference to Information.</u>  Notwithstanding any provision in this Stipulation and Protective Order, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating "Confidential" or "Confidential - Attorneys' Eyes Only" Information in the course of advising a party client with respect to this lawsuit, provided, however, that counsel shall not disclosed the specific substance or content of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information if such disclosure would violate this Order.

7.   <u>Declarations</u>.  Each person referred to in paragraph 4 hereof, except persons falling under paragraph 4(a), 4(d), 4(e) and clerical and stenographic personnel falling within paragraph 4(b) above, to whom Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside litigation counsel for the party making such disclosure.  Persons falling under paragraph 4(a) shall read a copy of this Stipulation and Order and sign and date it to signify they have read, understood and agreed to be bound by its terms and provisions.

8.   <u>Use</u>.  "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be used by the persons to whom it is disclosed solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto.

"Confidential" or "Confidential - Attorneys' Eyes Only" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court.  No person who receives "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall disclose it to any person not entitled under this Order to receive it.

9.    <u>Court Procedures</u>.

(a)    Subject to and in accordance with the provisions of Central District Local Rule 79-5, pleadings which contain or annex Information designated under this Order as "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall be filed in sealed envelopes or other appropriate containers on which shall be endorsed the title of the action to which they pertain, an indication of the nature of the contents of the sealed envelope or other container, the word(s) "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

This envelope is sealed pursuant to Order of the Court, contains Confidential or Confidential - Attorneys' Eyes Only Information and is not to be opened nor the contents revealed except by Order of the Court.

(b)    Any Court hearing which refers to or describes "Confidential" or "Confidential - Attorneys' Eyes Only" Information shall in the Court's discretion be held *in camera*;

(c)    The filing of a document under seal pursuant to this paragraph 9 does not restrict in any way a party's right to use or disseminate any part of the document that does not contain, annex or expressly refer to Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" under this Order.

10.    <u>Limitations on Scope of Protective Order</u>.

(a)    The restrictions and obligations set forth herein shall not apply to any information that (a) the parties agree or the Court rules should not be designated

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the producing party.

(b)     The restrictions and obligations herein shall not be deemed to prohibit discussions of any confidential Information with anyone if that person already has or obtains legitimate possession thereof.

(c)     Nothing herein shall be construed to prevent disclosure of confidential Information if such disclosure is required by order of the Court.

(d)     Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

(e)     This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential Information.  The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f)     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential Information, provided that the contents of the information shall not be disclosed.

(g)     Nothing herein shall prejudice the right of any party to object to the production of any Produced Material on the grounds that such material is protected as privileged or as attorney work product.

11.     <u>Removal</u>.  A party may seek to downgrade or remove a confidentiality designation applied under this Order.  In such event, the following procedure shall be utilized:

(a)     The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the Information as to which such downgrade or removal is sought;

(b)     If the parties cannot reach agreement concerning the matter within ten (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal may file and serve a motion for an order of this Court for appropriate relief.  Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties or order of the Court.  In any such motion, the party seeking to protect the Information bears the burden to establish the appropriateness of the protection or degree of protection sought.

12.     <u>Disclosure to Author or Addressee</u>.  Nothing herein shall prohibit a party, or its counsel, from disclosing Information that has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" Information to persons who are authors or addressees of such Information.

13.     <u>Depositions</u>.  Any deposition reporter who takes down or receives "Confidential" or "Confidential - Attorneys' Eyes Only" at a deposition shall be given a copy of this Order.  In addition, all deposition testimony and exhibits designated either as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page either "Confidential" or "Confidential - Attorneys' Eyes Only."  If counsel, pursuant to the provisions of Paragraph 4 above, designates any deposition testimony "Confidential" or "Confidential - Attorneys' Eyes Only" within the fifteen (15) day period after receiving the deposition transcript, counsel shall specifically identify in writing which portions are to be "Confidential" or "Confidential - Attorneys' Eyes Only" and shall send such writing to counsel for all parties involved in the action.  Counsel for each party shall then be responsible for marking, as either "Confidential" or "Confidential

PRINTED ON

RECYCLED PAPER

– Attorneys' Eyes Only", the appropriate pages of the deposition transcript so identified.

14.     <u>Exclusion from Deposition</u>.  Whenever any Information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive Information designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

15.     <u>Third Party Confidentiality Rights</u>.  In the event that Information in the possession or control of a party involves the confidentiality rights of a non-party or that its disclosure would violate a protective order issued in another action, the party with possession or control of the Information will attempt to obtain the consent of the non-party to disclose the Information under this Order.  If the consent of the non-party cannot be obtained, the party will notify the parting seeking discovery of: (a) The existence of the Information, without producing such Information and; (b) The identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The party seeking discovery may then make further application to the non-party or seek other means to obtain such Information including the right to seek an *in camera* review by the judge or magistrate.

16.     <u>Subpoenas</u>.  In the event any person or party having possession, custody or control of any "Confidential" or "Confidential - Attorneys' Eyes Only" Information receives a subpoena or other process or order to produce such Information, the recipient of the subpoena shall advise the attorney for the party issuing the subpoena that the Information being requested has been designated "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to a court order.  The attorney for the party receiving the subpoena shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the Information sought by such subpoena or other process or order and shall promptly furnish those attorneys of

PRINTED ON
RECYCLED PAPER

record with a copy of said subpoena or other process or order.  The attorney for the party claiming confidential treatment shall have 5 business days from the date of receipt of a copy of said subpoena (or other process or order) to file a motion to quash or modify the subpoena, process or order.  If production of "Confidential" or "Confidential - Attorneys' Eyes Only" Information pursuant to the subpoena, process or order is required prior to the expiration of this 5 day period, the attorney for the party receiving the subpoena shall object in writing to the production by stating that the Information sought has been designated "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to a court order.  The attorney for the party receiving the subpoena shall be under no obligation to file any motion to quash or modify the subpoena or take any action other than to object in writing to the production pending a court order compelling production of the subpoenaed materials.  If a motion to quash or modify the subpoena, process or order is made by the party claiming confidential treatment, there shall be no disclosure of the subject matter objected to, except sufficient to identify it for purposes of the motion to quash, until the court in which the motion is brought has ruled on the motion, and then only in accordance with the ruling so made.  If the party claiming confidential treatment does not file a motion to quash or modify the subpoena within the 5 day period provided herein, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

17.  <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any Information is or is not proprietary to any party, is or is not entitled to particular protection, or that such Information embodies trade secrets or other confidential material of any party.  The procedures set forth herein shall not affect the rights of the

1  parties to object to discovery on grounds other than those related to trade secrets or

2  other proprietary information claims, nor shall it relieve a party of the necessity of

3  proper response to discovery devices.

4         18.   <u>Unauthorized Disclosure</u>.

5         (a)   If confidential Information is disclosed to any person other than in the

6  manner authorized by this Protective Order (an "Unauthorized Person"), the party

7  responsible for the unauthorized disclosure, and any party with knowledge of the

8  unauthorized disclosure shall, immediately upon learning of such disclosure, inform

9  the producing party of all pertinent facts relating to such disclosure including, without

10 limitation, the identification of the confidential Information disclosed and the

11 Unauthorized Persons to whom the disclosure was made.

12        (b)   The party responsible for the unauthorized disclosure shall also promptly

13 take all reasonable measures to recover the confidential Information disclosed

14 without authorization and to ensure that no further or greater unauthorized disclosure

15 or use of such confidential Information is made by doing the following, without

16 limitation, (i) promptly informing the Unauthorized Person that the disclosed

17 information contains confidential Information and of the provisions of this Protective

18 Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form

19 attached as Exhibit A (to be promptly provided to the producing party); and

20 (iii) making best efforts to retrieve all copies of confidential Information disclosed to

21 the Unauthorized Person.  The producing party and party that disclosed the

22 confidential Information shall cooperate in good faith in this effort.

23        (c)   Any person found to have made an impermissible use of any confidential

24 Information will be subject to, without limitation, appropriate civil penalties,

25 including contempt of court.

26        (d)   No party shall be responsible to another party for disclosure of

27 Confidential Information under this Protective Order if the information in question is

28 not labeled or otherwise identified as such in accordance with this Protective Order.

19.　Inadvertent Disclosure of Confidential Information.  If a party, through inadvertence, produces any confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the producing party may give written notice to the receiving party that the produced material is deemed confidential Information, and that the produced material should be treated as such in accordance with that designation under this Protective Order.  The producing party must notify the receiving party within ten (10) business days of becoming aware of the inadvertent disclosure of confidential Information.  The receiving party must treat the produced materials as confidential Information, once the producing party so notifies the receiving party.  If the receiving party has disclosed the produced materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure and shall also promptly take all reasonable measures to recover the confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such confidential Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as Exhibit A; and (iii) making best efforts to retrieve all copies of confidential Information disclosed to the Unauthorized Person.  The producing party and the receiving party shall cooperate in good faith in this effort.  The burden of any additional measures to recover the confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such confidential Information shall be borne by the producing party.  Counsel for the parties shall confer regarding a mutually acceptable manner of labeling or marking the inadvertently produced materials.

20.　Inadvertent Disclosure of Privileged or Protected Information.

1      (a)     Pursuant to Rule 502 of the Federal Rules of Evidence, incorporated

2    herein by reference, the disclosure of protected communications or information shall

3    not constitute a waiver of any privilege or other protection (including work product)

4    if the producing party took reasonable steps to prevent disclosure and also took

5    reasonable steps to rectify the error in the event of an inadvertent disclosure. The

6    producing party will be deemed to have taken reasonable steps to prevent

7    communications or information from inadvertent disclosure if that party utilized

8    either attorney screening, keyword search term screening, advanced analytical

9    software applications and/or linguistic tools in screening for privilege, work product

10   or other protection.  In the event of the inadvertent disclosure of protected materials,

11   the producing party shall be deemed to have taken reasonable steps to rectify the error

12   of the disclosure if, reasonably promptly from the date that the inadvertent disclosure

13   has been realized, the producing party notifies the receiving party of the inadvertent

14   disclosure and instructs the receiving party to promptly return all copies of the

15   inadvertently produced communications or information.  Upon receiving such a

16   request from the producing party, the receiving party shall promptly return all copies

17   of such inadvertently produced communications or information, and destroy any

18   work product containing such information, as well as any electronic copies thereof or

19   of the inadvertently produced communication or information, and shall make no

20   further use of such communications or information (or work product containing such

21   communications or information), unless the receiving party challenges the claim of

22   privilege under subparagraph (b) below.  Nothing in this subparagraph shall prevent

23   the receiving party from challenging the propriety of the claim of attorney-client

24   privilege, work product protection, or other privilege or protection.

25      (b)     If the receiving party intends to challenge the propriety of a claim of

26   attorney-client privilege, work product protection, or other designation of privilege or

27   protection, the receiving party may retain the inadvertently produced communications

28   or information but may not use such communication or information for any purpose

1   other than to prepare a motion to resolve the claim of privilege or protection. To

2   assist the Court in resolving the dispute, a copy of the communication or information

3   may be submitted to the Court for in camera review.

4          21.   <u>Termination of Access</u>.

5          (a)   In the event that any person or party ceases to be engaged in the conduct

6   of this litigation, such person's or party's access to any and all confidential

7   Information shall be terminated.  In addition, all copies of confidential Information

8   shall be returned or destroyed consistent with the procedure in Paragraph 23 as soon

9   as practicable, and no later than sixty (60) calendar days, after such person or party

10  ceases to be engaged in the conduct of this litigation.

11         (b)   The provisions of this Protective Order shall remain in full force and

12  effect as to any person or party who previously had access to any confidential

13  Information, except as may be specifically ordered by the Court or consented to by

14  the producing party.

15         22.   <u>No Probative Value</u>.  This Stipulation and Protective Order shall not

16  abrogate or diminish any contractual, statutory or other legal obligation or right of

17  any party to this Order, as to any third party, with respect to any "Confidential" or

18  "Confidential - Attorneys' Eyes Only" Information.  The fact that Information is

19  designated "Confidential" or "Confidential - Attorneys' Eyes Only" under this

20  Stipulation and Protective Order shall not be deemed to be determinative of what a

21  trier of fact may determine to be confidential or proprietary.  This Order shall be

22  without prejudice to the right of any party to bring before the Court the question of:

23  (i) whether any particular material is or is not confidential; (ii) whether any particular

24  information or material is or is not entitled to a greater or lesser degree of protection

25  than provided hereunder; or (iii) whether any particular information or material is or

26  is not relevant to any issue of this case, provided that in doing so the party complies

27  with the foregoing procedures.  Absent a stipulation of all parties, the fact that

28  Information has been designated confidential under this Stipulation and Protective

JMBM   Jeffer Mangels
       Butler & Marmaro LLP

PRINTED ON

RECYCLED PAPER

7072178v1

1    Order shall not be admissible during the trial of this action, nor shall the jury be

2    advised of such designation.  The fact that any Information is disclosed, used or

3    produced in discovery or trial herein shall not be construed admissible, or offered in

4    any action or proceeding before any court, agency or tribunal as evidence of or

5    concerning whether or not such Information is confidential or proprietary.

6          23.    Return of Information.

7          (a)    Within sixty (60) days of final termination of this action, including any

8    and all appeals, each party and counsel for each party shall, at the producing party's

9    election, destroy or return all confidential Information to the party that produced the

10   information, including any copies, excerpts, and summaries thereof and has purged

11   all such information from all machine-readable media on which it resides, and shall

12   certify to the other producing party that all such confidential Information has been

13   destroyed/returned.  Notwithstanding the foregoing, outside Counsel for each party

14   may retain one set of all pleadings, briefs, memoranda, motions, expert reports, or

15   other documents filed with the Court that refer to or incorporate confidential

16   Information, and will continue to be bound by this Protective Order with respect to all

17   such retained information.  Further attorney work product materials that contain

18   confidential Information need not be destroyed, but, if they are not destroyed, the

19   person in possession of the attorney work product will continue to be bound by this

20   Protective Order with respect to all such retained information.

21         (b)    This Protective Order shall survive the termination of this action and the

22   Court shall retain jurisdiction to enforce its terms and to make such amendments and

23   modifications to this Protective Order as may be appropriate.  Notwithstanding the

24   foregoing, a party may seek the written permission of the producing party or further

25   order of the Court with respect to dissolution or modification of this Protective Order.

26         24.    Effective Date.  Upon the signing of this Stipulation and Protective

27   Order by the United States District Court Judge, or Magistrate Judge, this Stipulation

28   and Protective Order shall be effective as against all party signators hereto as of the

1    date of such signature of that party or party's representative, thereby rendering this

2    Order effective *nunc pro tunc* to the date of such party's signature.

3          25.    Amendment.  Either party may move the Court to amend this Stipulation

4    and Protective Order at any time.  Moreover, parties entering into this Stipulation and

5    Protective Order will not be deemed to have waived any of their rights to seek later

6    amendment to this Order.

7

8          IT IS SO ORDERED.

9

10   Date: August 13, 2010                    _____

11                                            Hon. RALPH ZAREFSKY
                                              United States Magistrate Judge
12

13   Respectfully submitted on July 29, 2010 by:

14

15   JEFFER, MANGELS, BUTLER & MARMARO LLP
     ROD S. BERMAN
     SUSAN ALLISON
16   JESSICA C. BROMALL

17

18   By: /S/       ROD S. BERMAN             _____
                   ROD S. BERMAN
19    Attorneys for Plaintiff EVAN D. TOWNSLEY

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

7072178v1

# **EXHIBIT A**

## NON-DISCLOSURE AGREEMENT

I understand that access to information designated as "Confidential," "Confidential Information," or "Confidential-Attorneys' Eyes Only" is provided to me under the terms and restrictions of a Protective Order.  I have received a copy of the Protective Order, have read it, and agree to be bound by its terms.  I will not mention, disclose, or use information designated as "Confidential," "Confidential Information," or "Confidential-Attorneys' Eyes Only" that is provided to me in connection with this action except as permitted by the Protective Order.

Dated:_____

Signature:_____

Print Name:_____

Title:_____

Company:_____