JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444), *rberman@jmbm.com*
SUSAN ALLISON (Bar No. 133448), *sallison@jmbm.com*
JESSICA C. BROMALL (Bar No. 235017), *jbromall@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff EVAN D. TOWNSLEY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVAN D. TOWNSLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HYDRO INTERNATIONAL LLC., et al.<br><br>Defendants. | LEAD CASE NO. CV10-2212 AHM (RZx)*<br><br>CONSOLIDATED WITH:<br>CASE NO. CV10-03870-AHM (RZx)<br>CASE NO. CV10-04408-AHM (RZx) |
| EVAN D. TOWNSLEY, an individual,<br><br>Plaintiff.<br><br>v.<br><br>AGRICULTURAL ORGANICS, PTY. LTD., et al.<br><br>Defendants. | **PERMANENT INJUNCTION AND CONSENT JUDGMENT**<br><br>[Stipulation for Entry of Permanent Injunction and Consent Judgment filed concurrently herewith] |
| AND RELATED COUNTERCLAIM | |
| EVAN D. TOWNSLEY, an individual.<br><br>Plaintiff.<br><br>v.<br><br>AMERINADA DISTRIBUTORS LLC, et al.<br><br>Defendants. | |

Plaintiff Evan D. Townsley ("Townsley" or "Plaintiff") and defendants Hydro International LLC, Jason Cohen, Hollywood Hydroponics, Eloise Shain, Agricultural Organics, Pty. Ltd., Geoff Stamoulis, Erez Ahrony, Eli Cohen, Hydro International, Constantly Growing, LLC, Midwest Organic and Hydroponic Gardening Supplies, and Green Door Hydro and Solar Electric, Inc. ("the BLOOM Parties" or "Defendants"), consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, and pursuant to the Stipulation for Entry of Permanent Injunction and Consent Judgment ("Stipulation") that Plaintiff and Defendants have filed in each of these consolidated actions, hereby stipulate and consent to the entry of the following Permanent Injunction and Consent Judgment ("Judgment"):

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. This Court has jurisdiction over the subject matter of this action, Townsley and the BLOOM Parties.

2. Within three (3) business days of the Effective Date, the BLOOM Parties shall pay Townsley the sum of Seventeen Thousand and Five Hundred Dollars ($17,500) in the form of a cashier's check made payable to Jeffer Mangels Butler & Mitchell LLP (the "First Payment"). In the event that the First Payment is not timely paid, interest shall accrue at the maximum legal rate, and in the event legal action is brought for the collection of the First Payment, the prevailing party shall be awarded its reasonable attorneys' fees and costs.

3. Within three (3) business days of sending written notice to Jason Cohen, his attorney Peter Perkowski, or any of their heirs or successors, that Townsley is no longer selling PHAT HYDRO® branded nutrients, the BLOOM Parties shall pay Townsley the sum of Seventeen Thousand and Five Hundred Dollars ($17,500) in the form of a cashier's check made payable to Jeffer Mangels Butler & Mitchell LLP (the "Second Payment"). In the event that the Second Payment is not timely paid, interest shall accrue at the maximum legal rate, and in the event legal action is brought for the

PRINTED ON
RECYCLED PAPER

collection of the Second Payment, the prevailing party shall be awarded its reasonable attorneys' fees and costs.

4. Agricultural Organics, Pty. Ltd. shall have the exclusive worldwide use of "PHAT," but only if it is used with "BLOOM" as currently used on the "BLOOM PHAT" product of Agricultural Organics, Pty. Ltd., as shown in Exhibit "A" attached hereto and incorporated fully by reference herein (the "Styled BLOOM PHAT Mark"), and only if it is used on plant nutrients/additives. The BLOOM PHAT Parties shall not expand their use of "PHAT" in the marketing, distribution and/or sale of any other products nor shall they make any use of "PHAT" except as provided herein. The foregoing does not preclude labeling changes to the "BLOOM PHAT" product to the extent that such changes do not affect the relative size, font, typeface, color, placement and consumer impression of the words "BLOOM" and "PHAT."

5. Nothing herein shall preclude Townsley from continuing to use the term "PHAT" or any other mark including the term "PHAT" in connection with all products except plant nutrients/additives. The BLOOM Parties shall not challenge any use by Townsley of any marks containing the word "PHAT," except they may do so if such use is on plant nutrients/additives.

6. Townsley shall have five months from the Effective Date of this Agreement to phase out his use of "PHAT HYDRO" on plant nutrients/additives.

7. Townsley shall return any BLOOM PHAT products in his possession that were obtained in connection with the settlement of a prior action involving BLOOM PHAT.

8. Townsley and the BLOOM Parties are prohibited from advertising, promoting, publicizing, announcing, or broadcasting the resolution of this litigation.

9. Plaintiff and Defendants, and each of them, shall take all reasonable steps to ensure that their agents, servants, officers, directors, employees, successors and attorneys do not violate the terms of this Permanent Injunction.

7806270v1

- 3 -

10. This Court shall retain jurisdiction over Townsley and the BLOOM Parties for the purposes of any proceeding to enforce this Judgment.

11. Within five (5) days of the Effective Date, Townsley shall withdraw any pending opposition(s) to Agricultural Organics' application(s) for the registration of BLOOM PHAT, provided such application(s) is limited to plant nutrients/additives and the Stylized BLOOM PHAT Mark. Agricultural Organics' shall withdraw any pending application(s) for the registration of BLOOM PHAT other than application(s) that are limited to plant nutrients/additives and the Stylized BLOOM PHAT Mark.

12. In any proceeding to enforce this Permanent Injunction and Consent Judgment, the prevailing party shall be entitled to recover its attorneys' fees and costs.

13. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Townsley and the BLOOM Parties, this Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to appeal this Judgment, on any basis, have been expressly waived by the Parties hereto.

13. Except as otherwise provided for herein, each of the above-captioned consolidated actions, including counterclaims, are dismissed with prejudice between Townsley and the BLOOM Parties, each party to bear its own costs and attorneys' fees.

Dated: June 01, 2011

_____
Hon. A. Howard Matz
United States District Court Judge

- 4 -

7806270v1

1  Submitted on May 31, 2011 by:
   JEFFER, MANGELS, BUTLER & MITCHELL LLP
2

3

4  /S/ ROD S. BERMAN
   Rod. S. Berman
5  Attorneys for Plaintiff,
6  EVAN D. TOWNSLEY